David M. Glover, Judge, concurring. Under our standard of review, we can and do affirm the termination of Houseman’s parental rights to her children. My purpose in writing separately is to emphasize that our decision here does not in any manner diminish a parent counsel’s responsibility to diligently review the record to ascertain if there is sufficient evidence to support the termination, to call attention to all adverse rulings, and to determine whether there are any issues of arguable merit for appeal. In DHS’s petition to terminate, three grounds for termination were alleged. At the termination hearing, and in the termination order, the trial court terminated Houseman’s parental rights to both girls on the grounds of abandonment and subsequent factors, but the h atrial court terminated Houseman’s parental rights only to the younger girl on the basis of twelve months out of custody and failure to remedy — not the older girl. Nevertheless, in a no-merit brief, parent counsel states, “While counsel for Jennifer agrees with the argument at trial that the evidence was insufficient to terminat[e] Jennifer’s parental rights under the abandonment ground and the subsequent factors ground, counsel cannot argue that the termination was incorrect under the failure to remedy ground.” Parent counsel’s singular reliance on the failure-to-remedy ground leaves the brief deficient as to the older girl, as that ground was not a basis for termination of Houseman’s parental rights to her. In Linker-Flores v. Arkansas Department of Human Services, 364 Ark. 224, 217 S.W.3d 107 (2005) (Linker-Flores II), and Lewis v. Arkansas Department of Human Services, 364 Ark. 243, 217 S.W.3d 788 (2005), our supreme court held that no-merit briefs in termination-of-parental-rights cases require briefs that include an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal; however, in both of those cases, our supreme court excused counsel’s failure to address several adverse rulings and declined to send the cases back for rebriefing, noting that the adverse rulings were clearly not meritorious, and the court wanted to avoid any further delay in the cases. Houseman differs from Linker-Flores II and Lewis because here, counsel failed to properly address the sufficiency of the evidence as to a ground for termination, not simply an adverse evidentiary ruling; nevertheless, the same analysis can be applied here. Parent counsel, while failing to recognize that the failure-to-remedy ground was not applied to both children, did | isabstract relevant testimony that supports the subsequent-factors ground in the termination of Houseman’s parental rights to the older girl, discussed in the majority opinion. Parent counsel erroneously asserts that there was insufficient evidence to support the subsequent-factors ground; but, due to our ability to perform a de novo review of the record, we can, and do, hold there is ample evidence to support that ground. Certainly, our court may perform such a review. To be clear, this function falls first and foremost squarely on parent counsel’s shoulders, not this court, and parent counsel cannot simply abdicate a no-merit review to our court to perform the work parent counsel should have performed. Our affirmance of termination of Houseman’s parental rights and our grant of counsel’s motion to be relieved in no way excuses appellate counsel from presenting a conforming brief — a parent losing parental rights deserves a conscientious review by appellate counsel, especially when appellate counsel determines that a no-merit brief is in order. With the above comment, I concur.